THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| STACY GRAHAM, on behalf of himself and all others similarly situated, | § § § § | MO-15-CV-135-DAE |
| Plaintiff, | § § | |
| vs. | § § | |
| JET SPECIALTY, INC., | § § § | |
| Defendant. | § § | |

ORDER RESOLVING DISPUTE REGARDING
FORM OF NOTICE AND CONSENT

Before the Court is a Joint Notice of Dispute Regarding Form of Notice and Consent.  (Dkt. # 28.)   Pursuant to Local Rule CV-7(h), the Court finds these matters suitable for disposition without a hearing.  On January 11, 2016, this Court granted in part Plaintiff Stacy Graham's Motion for Conditional Class Certification, and ordered the parties to meet and confer regarding the Notice and Consent Form to be sent to potential opt-in plaintiffs.  (Dkt. # 23.)  On January 26, 2016, Plaintiff and Defendant Jet Specialty, Inc. ("Defendant" or "Jet") filed the instant Notice to the Court regarding their dispute as to three provisions of the proposed notice and consent form.  (Dkt. # 28.)  The Court now resolves the dispute as follows.

1

I. <u>Disagreement Regarding Proposed Notice</u>

Defendant objects to the current form of paragraph six of the Proposed Notice form:

> 6. Your Legal Representation if You Join
>
> If you choose to join this suit, and agree to be represented through the driver's attorneys, your counsel in this action will be James M. Loren of the law firm Loren Law Group. The firm's contact information is below.

(Dkt. # 28, Ex. A ¶ 4.)

As the Court stated in its January 11 order, a notice form must inform potential class members that they are not required to retain Plaintiff's current counsel and that they may contact any attorney. See <u>Tolentino v. C&J Spec–Rent Servs. Inc.</u>, 716 F. Supp. 2d 642, 655 (S.D. Tex. 2010) ("[T]he notice must inform potential class Plaintiffs that they may contact any attorney of their choosing to discuss the case.")  The Court's January 11 order explained that the proposed notice did not explicitly state that opt-in plaintiffs may contact any attorney to represent them in the case, and directed the parties to reform the notice to include this information.  The parties did not comply with this instruction; the proposed paragraph is identical to the paragraph this Court directed parties to reform.

Further, paragraph three of the instant Proposed Notice, entitled "What are Your Options?" includes the same information that is contained in paragraph six: namely, information regarding opt-in plaintiffs' options for

representation, should they choose to join the suit. (Dkt. # 28, Ex. A ¶ 3.) Accordingly, paragraph six does not include any new or necessary information, and the Court directs that paragraph six be removed from the instant notice.

## II. Disagreement Regarding Proposed Consent Form

Defendants raise two objections to the content of the Proposed Consent Form. Each is discussed below.

### A. Disagreement as to Paragraph Three

Defendant objects to the current form of paragraph three of the Proposed Consent Form, which currently reads:

> I am aware that I may hire an attorney of my own choosing but agree to have James M. Loren of Loren & Loren & Associates, P.A. to represent me in this action. If I choose my own attorney, that attorney must file a notice of appearance with the Clerk of Court.

(Dkt. # 28, Ex. B ¶ 3.)

As the Court stated in its January 11 order, opt-in consent forms may be submitted to Plaintiff's counsel, so long as the form does not include language *requiring* the forms to be submitted through Plaintiff's counsel. See Behnken v. Luminant Min. Co., LLC, 997 F. Supp. 2d 511, 525 (N.D. Tex. Feb. 14, 2014); Tolentino, 716 F. Supp. 2d at 655. Further, as explained above, the notice or consent form *must* inform potential class members that they may contact *any* attorney to represent them. The language in paragraph three, as it currently reads, may cause an opt-in plaintiff to believe that she must retain Plaintiff's counsel.

3

The Court finds that Defendant's proposed paragraph three, which gives opt-in plaintiffs the option to retain Mr. Graham's counsel, but also explicitly informs opt-in plaintiffs that they have the option to retain other counsel, fairly presents the representation options available to opt-in plaintiffs:

> I am aware that I may hire an attorney of my own choosing. Please check one:
>
> _____ I agree to have James M. Loren of Loren & Associates, P.A. to represent me in this action; or
>
> _____ I choose my own counsel whose name, address and phone number are as follows: _____

Accordingly, the Court directs that paragraph three of the proposed consent form be reformed to include the language above.

B.  <u>Disagreement as to Inclusion of Informational Questionnaire</u>

Finally, Defendant objects to the inclusion of an informational questionnaire with the notice and consent form. (Dkt. # 28 ¶ 3; Dkt. # 28, Ex. B.) Defendant argues that the questionnaire is both confusing and unnecessary and that neither the Court nor Jet should be involved in approving the information Plaintiff's counsel obtains from opt-in plaintiffs. (Dkt. # 28 ¶ 3.) Plaintiff's counsel argues that "[w]ithout the proposed questionnaire, Plaintiff's counsel has no way of easily contacting a client who has duly retained him." (<u>Id.</u>)

"Courts have discretion in deciding how notice is distributed." <u>Rodriguez v. Gold & Silver Buyers, Inc.</u>, No. 4–12–CV–1831, 2013 WL 5372529,

at *6 (S.D. Tex. Sept. 24, 2013) ("Courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs" (quoting <u>Hoffmann–La Roche, Inc. v. Sperling</u>, 493 U.S. 165, 169 (1989))).  Here, the questionnaire Plaintiff wishes to include is neither relevant to providing potential opt-in plaintiffs notice of the lawsuit, nor to their ability to consent to suit.  Like the other disputed provisions of the notice and consent form, this questionnaire may cause an opt-in plaintiff to believe she must retain Plaintiff's counsel, or that she must provide personal information to Plaintiff's counsel, in order to proceed with the suit.  Plaintiff's counsel may obtain information from any newly-retained clients using the same means he used to provide notice of the instant lawsuit.  Accordingly, the Court directs that the questionnaire be removed from the proposed consent form.

<u>CONCLUSION</u>

For the foregoing reasons, the Court **DIRECTS** the parties to (1) remove paragraph six from the proposed notice form; (2) reform paragraph three of the proposed consent form to include the language in the instant order; (3) remove the questionnaire from the proposed consent form.  The Proposed Notice and Consent Form is otherwise **APPROVED.**

**IT IS SO ORDERED.**

**DATED:** Midland, Texas, February 3, 2016.

_____
David Alan Ezra
Senior United States Distict Judge