THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| STACY GRAHAM, on behalf of himself and all others similarly situated, | § § § § | MO-15-CV-135-DAE |
| Plaintiff, | § § | |
| vs. | § § | |
| JET SPECIALTY, INC., | § § § | |
| Defendant. | § § | |

ORDER: (1) APPROVING FLSA SETTLEMENT AND
(2) DISMISSNG CASE WTH PREJUDICE

On May 9, 2016, Defendant Jet Specialty Inc. ("Jet" or "Defendant") and Plaintiff Stacy Graham, on behalf of himself and seven other Plaintiffs, filed a Joint Stipulation of Dismissal with Prejudice and Motion for Approval of FLSA Settlement. (Dkt. # 36.) The Court, for the reasons that follow, **APPROVES** the FLSA Settlement, and **DISMISSES** the suit **WITH PREJUDICE**.

Jet is an oil well part sales and distribution company which operates in Texas, New Mexico, and Oklahoma. ("Am. Compl.," Dkt. # 4 ¶ 19.) This case arises out of the employment of named Plaintiff Stacy Graham and seven other opt-in Plaintiffs: Ralph Garcia, James Bates, Robert Martin, Steve Lopez, Clayton Dutton, Presten Benally, and Jose Acosta. (Dkt. # 12 at 9.) Each Plaintiff was

1

employed within the last three years as a delivery driver at Jet's Odessa, Texas location, and was responsible for receiving customer purchase orders from Jet, loading the ordered parts at the Jet warehouse, and delivering those parts to customers throughout West Texas.  (Dkt. # 19, Ex. A ¶ 6.)

On August 27, 2015, Graham brought suit alleging that delivery drivers were paid a flat salary and not compensated for time worked in excess of forty hours per week, despite holding positions that are not exempt from the overtime pay requirement of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219.  (Am. Compl. ¶¶ 3, 15–17; Dkt. # 12 at 3, 10.)  Accordingly, Graham brought this suit to recover unpaid overtime wages.  On January 11, 2016, this Court conditionally certified a class of all persons employed by Jet as delivery drivers at the Odessa, Texas location in the last three years.  (Dkt. # 23 at 12.)

The parties state that after conditional certification, they engaged in discovery in the form of Rule 26 disclosures, interrogatories, document requests, and document production.  (Dkt. # 36 at 2.)  The parties participated in a settlement conference on April 21, 2016, at which they agreed to resolve the matter without further litigation.  (Id.)

Pursuant to the Settlement Agreement, Jet agrees to create a settlement fund in the amount of $51,200.00, as consideration for dismissal of the claims against it, with prejudice against refiling by the Plaintiffs of any future

claims for unpaid overtime or minimum wages through May 9, 2016, the date of the execution of the Settlement Agreement. (Dkt. # 36 at 3, 6.) $23,700.00 of the Settlement Fund is allocated to resolve the claims of the eight Plaintiffs; $5,949.96 of this amount must be claimed from the United States Department of Labor ("DOL"), which previously collected funds from Jet pursuant to a wage and hour investigation.[1] (Dkt. # 36 at 4.) The remaining $27,500.00 is allocated to cover Plaintiffs attorneys' fees and costs, including the costs associated with the claims administration process.

"[P]arties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due. A release of a party's rights under the FLSA is enforceable under such circumstances." Martinez v. Bohls Bearing Equip. Co., 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005). "FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b)." Villeda v. Landry's Restaurants, Inc., No. H–08–2287, 2009 WL 3233405, at *1 (S.D. Tex. Oct. 7, 2009). "If the settlement reflects 'a reasonable compromise over the issues,' the court may approve it." Id. (quoting Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor, 679 F.2d 1350, 1353 (11th Cr. 1982)).

---

[1] Only Stacy Graham, Clayton Dutton, and Presten Benally will recover from the DOL pursuant to the Settlement Agreement. (Dkt. # 36 at 4.)

Here, the settlement negotiated and signed by the attorneys for the parties involved reflects a reasonable compromise over the issues. The Motion for Approval of the FLSA Settlement is **GRANTED** (Dkt. # 36), and the executed settlement agreement is hereby **APPROVED** by this Court (Dkt. # 36, Ex. 1).

Finding that the parties' stipulation of dismissal (Dkt. # 36) is signed by counsel for Plaintiffs and Defendant, and otherwise complies with Federal Rule of Civil Procedure 41(a)(1)(A)(ii), all claims in the instant suit against Defendant are hereby **DISMISSED WITH PREJUDICE** pursuant to the settlement agreement between the parties. The Parties have agreed to bear those costs and fees not explicitly covered in the settlement agreement.

**IT IS SO ORDERED.**

**DATED:** Midland, Texas, May 11, 2016.

_____
David Alan Ezra
Senior United States Distict Judge